IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIMI ROSE,<br><br>          Plaintiff,<br><br>v.<br><br>HOFFMAN INSURANCE CONSULTANTS, LLC, et al.,<br><br>          Defendants. | CIVIL ACTION<br>NO. 16-02225 |

## OPINION

**Slomsky, J.**                                                                                                                                                                                                     **July 17, 2018**

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Jimi Rose, proceeding pro se, has filed an Amended Complaint, his third in this litigation, against Defendants Hoffman Insurance Consultants, LLC ("Hoffman Insurance"), Mark Hoffman, Ryan Stocker and Baskim (Bobby) Husenaj. (Doc. No. 96.)[1] Plaintiff's claims stem from a fire at a property located at 2327 Hanover Avenue, Allentown, Pennsylvania, that Plaintiff owned and leased to Defendant Husenaj so that Husenaj could operate an exotic night club. (Id.) The property was damaged by the fire and Defendant Hoffman Insurance did not pay out the claim because it believed that Plaintiff set the fire. (Id.)

On May 6, 2016, Plaintiff initiated the suit in forma pauperis by filing a Complaint. (Doc. No. 1.) On May 23, 2016, the Honorable Legrome D. Davis, a former judge of this Court, from whom this case was reassigned, dismissed the Complaint without prejudice sua sponte and

---

[1] Plaintiff Jimi Rose is a senior African American citizen and resident of the Commonwealth of Pennsylvania. (Doc. No. 96.) Defendant Hoffman Insurance is an insurance company registered to do business in the Commonwealth of Pennsylvania. (Id.) Defendant Mark Hoffman is president and CEO of Hoffman Insurance and Defendant Stocker is an employee of the company. (Id.) Defendant Husenaj is a Caucasian adult resident of the State of New Jersey. (Id.)

gave Plaintiff 30 days to file an amended complaint. (Doc. No. 2.) On June 17, 2016, Plaintiff filed an Amended Complaint. (Doc. No. 4.) That same day, Plaintiff filed a motion for an extension of time to file another amended complaint. (Doc. No. 5.)

The Court granted the motion (Doc. No. 6) and Plaintiff timely filed the next amended complaint on August 25, 2016 (Doc. No. 9). On September 19, 2016, the Court ordered that summons be issued and the Amended Complaint be served on the named Defendants. (Doc. No. 10.) As Defendants emphasize, this was the first time service was attempted on any Defendant named in the amended complaints. (Doc. No. 98 at 1 n.1.) The Amended Complaint named nine defendants, including Baskim (Bobby) Husenaj, Hoffman Insurance, Mark Hoffman and Ryan Stocker. (Doc. No. 9.)

On January 5, 2017, Mark Hoffman and Ryan Stocker filed a Motion to Dismiss this Amended Complaint (Doc. No. 27) and Hoffman Insurance joined the Motion to Dismiss on January 24, 2017. (Doc. Nos. 27, 48.) On September 5, 2017, based in part on this Motion to Dismiss, the Court dismissed the Amended Complaint without prejudice in its entirety. (Doc. No. 88.) Plaintiff then sought a 14-day extension to file another Amended Complaint, which the Court granted. (Doc. No. 89.) On October 5, 2017, this case was transferred to the Honorable Joel H. Slomsky. (Doc. No. 90.)

Plaintiff was given until October 26, 2017, to file an amended complaint. (Doc. No. 91.) Plaintiff filed another motion for extension of time, which the Court granted. (Doc. No. 94.) The Court gave Plaintiff leave file his amended complaint by November 27, 2017. (Doc. No. 94.)

On November 27, 2017, Plaintiff filed the present Amended Complaint (Doc. No. 96), which is the subject of the instant Motions to Dismiss (Doc. Nos. 98-99). Upon review of the

Amended Complaint, which comprises long, single-spaced paragraphs and rambling, stream-of-conscious narrative, it is difficult to discern what claims are being alleged against whom. From what the Court can decipher from the Amended Complaint, construing it liberally, it appears to allege the following claims: violations of Plaintiff's civil rights under 42 U.S.C. §§ 1981, 1985(3), 1986; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; Common Law Fraud; Pennsylvania's Unfair Insurance Practices Act (UIPA), 40 Pa. Stat. § 1171.4; and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. § 201-1.[2] (Id. at 8.)

Defendants have filed Motions to Dismiss the Amended Complaint in its entirety. (Doc. Nos. 98-99.) The Motions are ripe for disposition.[3]

---

[2] In the Amended Complaint, Plaintiff complains about a burden the Court apparently was placing on him when it imposed a deadline for filing the amendment. (Doc. No. 96.) He states that "this Honorable Court only allowed the plaintiff approx[imately] 5 days to file an amended complaint." (Id. at 1.) He says such things as "the Court in its infinite power placed this undue hardship on the plaintiff," "not even the best seasoned attorney . . . could fulfill the Order of this Court on such a short notice," "[i]t's almost as though it's a[n] 'I gotcha' trick" and "the plaintiff being Poor and Black is used to rejection in all forms." (Id.) Thus, Plaintiff commented that he "will file an amendment to this pleading." (Id.) True to his word, Plaintiff filed yet another amended complaint nine days later on December 6, 2017. (Doc. No. 97.) He then filed a Motion to Amend the Complaint Nunc Pro Tunc. (Doc. No. 105.)

Plaintiff is factually incorrect about the Court imposing a "5 day[]" deadline. On October 20, 2017, Plaintiff filed a Motion for an Additional Extension of Time to File an Amended Complaint, in which he requested a 14-day extension. (Doc. No. 93.) The Court then waited 14 days for a response and seeing none filed, granted Plaintiff an additional 14 days until November 27, 2017 to file the Amended Complaint. (Doc. No. 94.) Thus, Plaintiff was given a reasonable extension, the extension he requested, and was not burdened in any way. Further, for reasons the Court will explain infra, the Motion to Amend the Complaint Nunc Pro Tunc (Doc. No. 105) will be denied.

[3] In reaching a decision, the Court has considered the Amended Complaint (Doc. No. 96), the Motions to Dismiss the Amended Complaint (Doc. Nos. 98-99) and Plaintiff's Responses in Opposition (Doc. Nos. 103-04, 108, 113-14).

## II. STANDARD OF REVIEW

The motion to dismiss standard under Rule 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544. "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating

whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted). The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When analyzing the sufficiency of a pro se complaint, courts in the Third Circuit must liberally construe the pleading. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

### III. ANALYSIS

#### A. The Amended Complaint Fails to State a Claim Under 42 U.S.C. §§ 1981, 1985(3) and 1986

The Amended Complaint references §§ 1981, 1985[4] and 1986 in alleging race discrimination in connection with the insurance contract. The facts alleged to support the violations of Plaintiff's civil rights on the basis of race, however, are unclear and conclusory. Each section along with corresponding discussions about how each claim is insufficiently pled is addressed in turn next.

##### 1. The Amended Complaint Fails to State a Claim Under § 1981

Section 1981 prohibits racial discrimination in making and enforcing contracts. 42 U.S.C. § 1981(a). To sustain a claim under § 1981, a plaintiff must allege (1) that the plaintiff is

---

[4] While the Amended Complaint refers to § 1985 in general, the only subsection that appears to have relevance is § 1985(3). Hence, this Opinion only discusses § 1985(3).

5

a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination regarding an enumerated activity, which includes the right to make and enforce contracts. See Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001).

Plaintiff is a member of a racial minority so he meets prong one of Brown for stating a § 1981 claim. Id. However, he has not sufficiently pled facts regarding the second prong. The facts Plaintiff offers regarding how he was discriminated against are unclear and conclusory. He states that he "is a minority and . . . all other parties in this action are white people." (Doc. No. 96 at 1.) He also alleges that his "Civil Rights and Liberties to make an [sic] enforce contracts were violated by white persons who used their authority and position to strip away the plaintiff's Civil Rights and Liberties." (Id. at 3.) He later alleges the following:

> The only person that has been taken advantage of in this case is the plaintive [sic] who is a minority and uneducated minority[;] a man who was suffering from the loss of his child [who] was taken advantage of by a group of white businessmen who knew the weakened condition of the plaintiff.

(Id. at 12). In no other instance does Plaintiff in the Amended Complaint tie race to the contractual issues he complains of. He plainly has failed to allege any facts beyond mere conclusory statements that would establish the element of a § 1981 claim requiring intent to racially discriminate.

Therefore, Plaintiff fails to state a claim under § 1981.

### 2. The Amended Complaint Fails to State a Claim Under § 1985(3)

Section 1985(3) "permits an action to be brought by one injured by a conspiracy formed for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the laws." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). The Supreme Court has established that § 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based,

invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). "[A] plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." Farber, 440 F.3d at 135. A "bare assertion of conspiracy will not suffice." Twombly, 550 U.S. at 556.

The Amended Complaint does not meet this test. Plaintiff alleges that "through the manipulation of Ryan Stocker and Bob be [sic] the tenant the plaintive [sic] ended up losing all of his property"; and "Ryan Stocker manipulated and cooked the books with Bobby to tenant so that Bobby could open up the [exotic night club]." (Doc. 96 at 13-14.) Plaintiff does not clearly allege that there was a conspiracy; he has pointed to no time or place of any meetings or discussions relating to conspiracy and he does not plead any facts to support the requisite element of a § 1985(3) claim that the conspiracy had racially discriminatory intentions.

The Court previously had granted Defendants' Motion to Dismiss the September 19, 2016 Amended Complaint in part because the pleading failed to state a claim under § 1985(3). In its Order, the Court stated:

> In the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. The alleged deprivation in the instant action—the denial of insurance coverage—is entirely unrelated to these rights, and therefore cannot be vindicated under § 1985(3).

(Doc. No. 88 at 8-9 (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993); Brown, 250 F.3d at 796).) Plaintiff's present Amended Complaint again asserts a § 1985(3) claim despite this Court's previous determination that the claim has no relation to the relief available under § 1985(3). Further, the Amended Complaint contains no new facts to bring the

matter under the purview of the statute. Therefore, Plaintiff again fails to state a claim for relief under § 1985(3).

### 3. The Amended Complaint Fails to State a Claim Under § 1986

A claim under § 1986 is based on "neglect to prevent conspiracy." 42 U.S.C. § 1986. The statute requires that the defendant have "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed." Id.

As stated, Plaintiff has failed to plead facts that indicate a conspiracy based on racial discrimination to trigger § 1985 protection or any facts to tie the present matter to the right to be free of involuntary servitude or the right to interstate travel—the only recognized rights against private actors under the § 1985(3) conspiracy statute. See Bray, 506 U.S. at 278; Brown, 250 F.3d at 796. Without these facts, there can be no liability under § 1986. Therefore, Plaintiff has failed to state a claim under § 1986.

### B. The Amended Complaint Fails to State a Claim Under 18 U.S.C. § 1962

Plaintiff has alleged a private civil RICO claim under 42 U.S.C § 1962. Section 1962 makes it unlawful for "any person" to use money derived from a pattern of racketeering activity to invest in an enterprise, control an enterprise through a pattern of racketeering activity, or conduct an enterprise through a pattern of racketeering activity. § 1962(a)-(c). Under § 1962(c), the plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (footnote omitted).

Here, Plaintiff has not alleged that there is an enterprise. (See Doc. No. 96.) He does not assert any relationships between the participants. His Amended Complaint does not even allege a pattern of conduct since the factual basis only refers to one incident in which he claims to have been "bamboozled" into signing an insurance policy. (Id. at 9.) And there is no racketeering

activity alleged. (See id.) To have standing, the Amended Complaint must allege all these elements. Sedima, 473 U.S. at 496. Because the Amended Complaint fails to do so, the RICO claim under § 1962 will be dismissed.

**C. The Remaining State Law Claims Will Be Dismissed**

First, Plaintiff alleges Common Law Fraud against the Defendants. To establish this claim, Plaintiff must prove: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." Hunt v. U.S. Tobacco Co., 538 F.3d 217, 225 n.13 (3d Cir. 2008). Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires that in alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Complaint does not clearly state that there was a misrepresentation of material fact that led to the procurement of an insurance policy that did not pay out on a claim after a suspicious fire. It also does not allege that there was knowledge by Defendants that the procured insurance policy would not pay out on a claim after a suspicious fire. In the absence of such allegations, a common law fraud claim cannot be maintained. Therefore, this claim will be denied.

Next, Plaintiff alleges a violation of Pennsylvania's Unfair Insurance Practices Act (UIPA) under 40 Pa. Stat. § 1171.4 based on the allegation that Defendants lied to Plaintiff about details relevant to the insurance policy. (See Doc. No. 96.) "Individual insureds have no private right of action under the UIPA." Hyde Athletic Indus., Inc. v. Cont'l Cas. Co., 969 F. Supp. 289, 302 n.11 (E.D. Pa. 1997). Therefore, Plaintiff lacks standing to make a UIPA claim. Accordingly, this claim will be dismissed.

9

Finally, Plaintiff alleges a violation of Pennsylvania's UTPCPL, 73 Pa. Stat. § 201-1, based on the same conduct alleged to support the UIPA claim. (See Doc. No. 96.) This statute prohibits "unfair or defective acts or practices" and "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." § 201-1. "To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004).

Here, the Amended Complaint fails to plead a UTPCPL claim. Plaintiff's allegations relevant to this claim include only conclusory statements such as "[Defendants] used deceptive means to defraud" him and they "swindled tricked bamboozled the plaintiff into believing he was merely the beneficiary of the policy and not the actual owner." (Doc. No. 96 at 8-9.) Plaintiff, however, pleads no particularized facts to support a claim that Defendants made a representation that Plaintiff justifiably relied on and suffered harm as a result of that reliance. Construing the pleading liberally, the allegations in the Amended Complaint do not plausibly give rise to an entitlement for relief under the UTPCPL. Therefore, Plaintiff's UTPCPL claim will be dismissed.

**D. The Court Will Not Grant Leave to Amend**

After Plaintiff filed the unauthorized December 6, 2017 Amended Complaint (Doc. No. 97), he filed a Motion to Amend the Complaint Nunc Pro Tunc (Doc. No. 105.) For the following reasons, leave to amend will not be granted and the present Amended Complaint will be dismissed with prejudice.

"[A] district court need not grant leave to amend a complaint if the complaint, as amended, would fail to state a claim upon which relief could be granted." Kundratic v. Thomas,

407 F. App'x 625, 630 (3d Cir. 2011) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)).

Plaintiff has been given significant leeway to correct deficiencies in his complaints since he commenced this action in May 2016. After several attempts to amend, he submitted the present Amended Complaint, which fails to state a claim. Further, amendment will not cure the defects in the Amended Complaint. The Court has done its best to construe the filings of Plaintiff liberally and in the light most favorable to him. But Plaintiff's allegations still are unclear and conclusory. There is no reason to believe that additional facts could be alleged in a manner that would be sufficient under Rule 12(b)(6) to support his claims. Additionally, Plaintiff's history of frivolous litigation supports the conclusion that Plaintiff should not be given another opportunity to plead the same or similar frivolous claims.[5] Therefore, the Court will not grant leave to amend. Accordingly, Plaintiff's Motion to Amend the Complaint Nunc Pro Tunc (Doc. No. 105) will be denied.

---

[5] The Court takes judicial notice of the Plaintiff's history of frivolous litigation. See Brown v. City of Philadelphia, 331 F. App'x 898 (3d Cir. 2009) (taking judicial notice of plaintiff's "pattern of abusing judicial process by repeatedly filing frivolous actions" when reviewing his complaint). In a recent Opinion in another case brought by this Plaintiff, the Court dismissed his "claims as frivolous because his allegations border on the factually frivolous, especially in light of plaintiff's litigation history, which reveals his delusional perception that any wrong against him stems from a racist plot or conspiracy." Memorandum at 2, Rose v. Facebook Inc., No. 16-2075 (E.D. Pa. May 23, 2016) (Davis, J.), ECF No. 2. In addition to his case against Facebook Inc., Plaintiff has initiated many other suits that had claims alleging conspiracy by various private and government entities to discriminate against him on the basis of race. E.g., Rose v. Soc. Sec. Admin, No. 15-6578 (E.D. Pa. Dec. 10, 2015); Rose v. Morning Call Newspaper, No. 15-2002 (E.D. Pa. Apr. 15, 2015); Rose v. Pa. Liquor Control Bd., No. 13-5194 (E.D. Pa. Aug. 29, 2013); Rose v. Pennsylvania, 12-5765 (E.D. Pa. Oct. 9, 2012). This is an additional reason the Court will dismiss the present Amended Complaint with prejudice.

## IV. CONCLUSION

For these reasons, Defendants' Motions to Dismiss (Doc. Nos. 98-99) will be granted and the Amended Complaint (Doc. No. 96) will be dismissed.[6] An appropriate Order follows.

---

[6] On March 13, 2018, Plaintiff filed a Motion for Appointment of Counsel (Doc. No. 127). Because the Court will dismiss the Amended Complaint with prejudice, the Motion for Appointment of Counsel will be denied as moot.